ANDY BROS. TIRE CO., INC.

*v.*

WEST VIRGINIA STATE TAX COMMISSIONER

(No. 13636)

Decided March 15, 1977.

*Wilson, Frame & Rowe, Clark B. Frame and Richard E. Rowe* for appellant.

*Chauncey H. Browning,* Attorney General, *Robert P. Howell,* Assistant Attorney General, for appellee.

HARSHBARGER, JUSTICE:

This is an appeal from the Circuit Court of Kanawha County which affirmed a State Tax Commissioner ruling denying Andy Bros. Tire Co., Inc. industrial expansion tax credits.

*W. Va. Code* 11-13C, titled "Business and Occupation Tax Credit for Industrial Expansion", states in its first section:

> "In order to encourage the location of new industry within this State and in order to encourage the expansion of existing industry within this State and thereby increase employment, there is hereby provided a business and occupation tax credit for industrial expansion."

Section 2 has definitions and Section 3 provides that the amount of credit allowed is ten percent of the cost of qualified investment made for industrial expansion to be applied at the rate of one percent per year for ten years to the taxpayer's business and occupation tax obligation. The act proceeds in Section 4:

> "(a) The term "qualified investment" means with respect to any taxable year, the aggregate of the applicable percentage of the cost of each property purchased for the purpose of industrial expansion. . . .

"(b) The term "property purchased for industrial expansion" means real property and improvements thereto and tangible personal property but only if such property is constructed or purchased for use as a component part of a new or expanded business. . . . The term "property purchased for industrial expansion" does not include *replacement property* . . . nor property the construction, *reconstruction* or erection of which has begun . . . prior to the effective date of this article." (Emphasis added.)

*Expressio unis est exclusio alterius* translates this last phrase to mean that property constructed, reconstructed or erected after the effective date of the article, July 25, 1969, is qualified investment.

The article concludes with a section prescribing when forfeiture of unused credits occurs.

On August 28, 1971, the Andy Bros. tire recapping factory near Morgantown in Monongalia County was totally destroyed by fire. The employees were out of work and the plant site was leveled by bulldozers.

The owners, after careful study, decided to build a new plant on the old site instead of in Pennsylvania, where they had other property, or elsewhere. In October, 1971 construction of the new tire recapping factory was commenced and by March 15, 1972 production was resumed.

The company was assessed $1,765.50 for business and occupation tax and penalties for its operations from July 1 through December 31, 1972. It petitioned the state tax commissioner for reassessment allowing industrial expansion tax credit. Its petition was denied and the Kanawha County Circuit Court affirmed the tax commissioner's ruling that the new factory was *replacement property* for which no credit was allowable.

This is certainly not a "clearly" and "merely" case in which we can confidently proclaim the law to favor one side and as confidently devalue the other side's position by a few well-placed "merely's."

Our problem is with the ambiguous statute. It provides that the cost of *replacement* property is not to be the basis of tax credit but the cost of *reconstructed* property is.

This court has always attempted to liberally construe socioeconomic legislation to effectuate recited legislative intent. *See, State ex rel. County Court of Marion County v. Demus,* 148 W. Va. 398, 135 S.E.2d 352 (1964); *State ex rel. The County Court of Brooke County v. Kemp,* 151 W. Va. 349, 151 S.E.2d 680 (1966); *Chapman v. Huntington, West Virginia Housing Authority,* 121 W. Va. 319, 3 S.E.2d 502 (1939); and *State ex rel. The West Virginia Housing Development Fund v. Copenhaver,* 153 W. Va. 636, 171 S.E.2d 545 (1969).

We find this act prefaced with a paragraph pronouncing need for encouragement of new industry and expansion of existing industry. Did the legislature intend that when an existing industrial facility was completely destroyed, its rebuilding and the reemployment of its labor force was likewise to be encouraged?

We believe it did, based upon the clues found in the statute. Replacement property is specifically excluded from that which is entitled to be considered for tax credit and, certainly, building a new factory to replace one destroyed is replacement, in a sense. But reconstructed property is entitled to the benefits conferred if the reconstruction was commenced after the effective date of the act, as was the Andy Bros. Co., Inc. plant.

We are propelled by the legislative purposes enunciated to limit the meaning of "replacement" as used in this act to those periodic renewals of equipment and plant that are necessary to maintenance; and that whenever, as in this case, there is total destruction of the facility with reconstruction necessary to allow resumption of its former employment, thus serving the public purposes for which the act was intended, the tax credit will be allowed.

*Reversed.*